# Michael Faillace & Associates, P.C.

#### Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510                                          Telephone: (212) 317-1200
New York, New York 10165                                                 Facsimile: (212) 317-1620

June 21, 2021

Honorable Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     Melendez et al v. Eden Palace Inc. et al; No. 21-cv-00949

Your Honor:

This firm represents Plaintiffs in the above-referenced action. We submit this to respectfully request an extension of time of forty-five days in which to serve defendants Emmanuel Roth, Yechezkiel Roth, Simon Doe, and Eden Palace Inc. Per our letter of June 4, 2021, we had not heard from our outside process server as to the status of service on these entities. Very recently, this office received notice that service upon the individual defendants was unsuccessful. Affidavits of Attempted Service on Emmanuel Roth, Yechezkiel Roth, and Simon Doe are attached hereto. We further discovered that service on Eden Palace Inc. was not made due to a clerical error.

Plaintiff submits that there is good cause to extend the time to effectuate service. In the alternative, Plaintiff respectfully requests that the Court exercise discretion to extend the time allotted for service of process.

Fed. R. Civ. P. 4(m) states,
"(m) Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A)." Id.

Plaintiffs bear the burden of proof in showing that it had good cause in not timely serving a defendant, and good cause is measured against the plaintiff's reasonable efforts to effect service and the prejudice to the defendant from the delay. See, e.g., Motel 6 Sec. Litig. v. Hugh Thrasher, 1995 U.S. Dist. LEXIS 9954, *5-6, No. 93 Civ. 2183, 1995 WL 431326, at *2 (S.D.N.Y. July 20, 1995) (citing cases).

In this case, Plaintiff attempted to serve individual defendants at the place of business he had witnessed them working. However, per the annexed affidavits, it appears this location is either closed permanently, or on the dates that service was attempted. Having received this news after the deadline to serve has lapsed, Plaintiffs request this extension in order to locate alternate addresses at which they may be served.

Although an extension of time is not mandatory in the absence of good cause, the Court may in its discretion extend the time to complete service. <u>See</u> Advisory Committee Notes to Fed. R. Civ. P. 4(m) (amended Rule 4(m) "authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown"); <u>Petrucelli v. Bohringer and Ratzinger</u>, 46 F.3d 1298, 1305 (3d Cir. 1995); <u>Rupert v. Metro-North Commuter R.R. Co.</u>, 1996 U.S. Dist. LEXIS 11292, No. 95 Civ. 4283, 1996 WL 447745, at *2 (S.D.N.Y. Aug. 7, 1996) (citing cases); <u>Henderson v. United States</u>, 517 U.S. 654 (noting that Rule 4(m) "permits a district court to enlarge the time for service 'even if there is no good cause shown.'") (quoting Rule 4(m)).

"Some relevant factors to be considered in determining whether to grant discretionary relief to a plaintiff for failure to timely serve a defendant include: "(1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief." <u>In re Comverse Tech., Inc. Sec. Litig.</u>, 543 F Supp 2d 134, 146 [EDNY 2008]; <u>see also</u> <u>Mares v. United States</u>, 627 F. App'x 21, 23 [2d Cir. 2015] (whether there is a justifiable excuse for the failure to serve); <u>Taylor v City of NY</u>, 2019 US Dist LEXIS 92521, at *5-6 [SDNY June 3, 2019].

Refiled claims against Individual Defendants and Eden Palace Inc. would not be barred by the applicable statute of limitations. Service effectuated within forty-five days of this motion would be less than two months outside the 90 day window allowed by Fed. R. Div. P. 4(m); as such, Defendants would not be prejudiced by such an extension.

Respectfully Submitted,

/s/ Clela Errington
Michael Faillace & Associates, P. C.
*Attorneys for Plaintiffs*